UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

CHAMBERS
DAVID S. DOTY
SENIOR JUDGE

U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

November 22, 2006

Ms. Rebecca Tamez
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

Re: United States of America v. John Vincent Eggers
Criminal Docket No. 00-363(1) (DSD)
Register No. 09703-041

Dear Ms. Tamez:

The court has received your letter, in which you seek the court's position on the appropriateness of granting defendant John Vincent Eggers's request for a nunc pro tunc designation. Specifically, it is the court's understanding that Mr. Eggers requests a retroactive designation so that his federal term of imprisonment be served concurrently with his state term of imprisonment, thereby resulting in a release date on or about November 22, 2008.

As you are aware, while Mr. Eggers was on pre-trial release in the above action an arrest warrant was issued because he violated the terms of his pre-trial release. When that arrest warrant was executed by state court police officers, defendant's conduct resulted in state court charges of second degree drug possession and fourth degree assault of a peace officer. On May 23, 2001, the court sentenced Mr. Eggers to a term of 108 months imprisonment for aiding and abetting the possession with intent to distribute methamphetamine. At that time, the state court charges remained pending. On June 1, 2001, Mr. Eggers was sentenced in Anoka County District Court to a term of 78 months imprisonment for the drug possession charge and a concurrent 17 month term of imprisonment for the assault. The state court judge ordered that the state court sentences be served concurrently with the term of imprisonment imposed by this court on May 23. However, because the State of Minnesota had primary jurisdiction over Mr. Eggers, he was committed to the State of Minnesota and admitted to its Department of Corrections. This court's Judgment was filed as a detainer by the United States Marshal Service. Upon completion of his state court sentences, Mr. Eggers was released to the custody of the United States Marshals Service to serve the sentence imposed by this court.

Had Mr. Eggers already been sentenced in Anoka County District Court on May 23, 2001, the court would have ordered his federal term of imprisonment be served concurrently with his undischarged state court term of imprisonment. The Judgment is silent regarding the relationship between the state and federal sentences only because at the time this court sentenced Mr. Eggers there was not a state court term of imprisonment with which the sentence in the federal case could be served concurrently. In sentencing Mr. Eggers, the court took into account his conduct on pre-trial release that gave rise to the state court charges in calculating the applicable offense level under the Sentencing Guidelines. Specifically, the court enhanced his offense level for obstruction of justice pursuant to Sentencing Guideline § 3C1.1 as a result of his assault of the state court police officer. Pursuant to Sentencing Guidelines § 5G1.3(b)(2), the court is to impose a concurrent sentence if the conduct that gave rise to a separate term of imprisonment was the basis for an increase in the offense level. Furthermore, the court took into account defendant's pre-trial conduct in determining an appropriate sentence pursuant to the factors set forth at 18 U.S.C. § 3553(a). See United States v. Red Bird, 450 F.3d 789, 795 (8th Cir. 2006) (consideration of pre-trial conduct appropriate under § 3553(a)). Although the court ultimately sentenced Mr. Eggers to the low end of the sentencing range, that range itself was dictated in part by his conduct on pre-trial release.

The court has reviewed its own file, the record in defendant's case, the contents of defendant's pre-sentence investigation report, the recommendation letter the court received from defendant's assigned probation officer, the applicable advisory Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a). The court has also had the benefit of two conversations with Assistant United States Attorney David Steinkamp and Mr. Eggers's counsel of record, Craig Cascarano. In addition, the court has discussed the appropriateness of a nunc pro tunc designation with Rebecca Chaiken, defendant's probation officer. In light of all these considerations, it is the unequivocal position of the court that a retroactive concurrent designation is not only appropriate in Mr. Eggers's case but would be consistent with the court's intent had the chronology of events giving rise to defendant's incarceration been different. Therefore, the court respectfully recommends granting Mr. Eggers's request for a nunc pro tunc designation.

Sincerely,

David S. Doty

DSD/pjm

cc: David Steinkamp
Craig Cascarano
Rebecca Chaiken